By the Court.—Truax, J.
Sometime prior to the commencement of this action, the defendant herein commenced an action against the plaintiff in the territory of Idaho, and in his complaint alleged that the defendant in that action, the plaintiff in this, was a corporation duly organized under the laws of the state of New York, having its principal place of business and office in the city and county of New York; that it was doing business as such corporation, in its corporate name in Alturas county, in the territory of Idaho aforesaid; that the defendant in that action, the plaintiff in this, on certain dates, duly made and issued to the said Andrews and delivered to him its certain promissory notes for value received, payable on demand to its own order, and endorsed the same to the said Andrews, who thereby became and was the legal owner and holder thereof; that those notes were then due and unpaid; that the said defendant, the plaintiff in this action, in its corporate name and capacity, and by its proper officers thereunto duly authorized and empowered, duly signed, executed, endorsed and transferred the above notes to the said Andrews, who became and was the owner and holder thereof. And then said Andrews demanded judgment against the defendant in that action, the plaintiff in this, for the aggregate sum of all of those promissory notes, with interest and costs.
The defendant in that action in its answer, among *95 other tilings, denied that on the days or dates stated in said complaint, or at any other time or times, it made or issued to said plaintiff, or delivered its promissory note or any promissory note, for value, or otherwise, payable on demand or otherwise, to its OAvn order or otherwise, or endorsed the same, or any such promissory note, to the said Andrews, and averred that said alleged promissory notes yvere not executed with or under the authority of the said defendant; and then as a further answer, the defendant in that action, alleged that at the days and dates of said alleged promissory notes mentioned in said complaint, and from the 7th day of May, 1883, and continuously for a period of nine months thereafter, the said plaintiff was the president of the defendant, and that as such president, said plaintiff signed and endorsed to himself the notes described in the complaint in that action, Avithout the authority of the defendant in that action; and then demanded judgment for a dismissal of the conrplaint, Avith costs and disbursements.
The issue made by the pleadings AAras regularly called for trial and the court decided, among other things, that the defendant in that action, the plaintiff in this, neither made, issued nor delivered to the said Andrews the promissory notes described in the complaint, or any or either of them; that at the dates of said promissory notes, and at the times the same were executed, and from ■the 7th day of May, 1883, and until after the 21st day of January, 1884, the plaintiff was the president of the defendant corporation, and as such president was present and presided at the meetings of the board of trustees of defendant when a salary was voted to the plaintiff in that action, as president of the defendant corporation, for which plaintiff claimed said notes were executed to him; and the plaintiff at the day of the meeting proposed the resolution and requested one of the trustees to introduce it in the meeting.
And as a conclusion of law, the court held that the *96 resolutions voting plaintiff a monthly salary as president of the defendant corporation, for which the plaintiff claimed said promissory notes were executed, were and are void; and that the defendant in that action, the plaintiff in this, was entitled to a j udgment for its costs and disbursements in the action, and thereupon a judgment was entered in the form suggested.
After the commencement of the action in Idaho, the plaintiff herein began an action in this court against the defendant herein, in which it sought to recover from the defendant the sum of $1,500, which had been paid to the defendant under the above mentioned resolutions, an account of monthly salary from the 12th day of May, 1883, the complaint alleging that this payment was made under and pursuant to certain resolutions which were passed at meetings of the board of trustees of the plaintiff corporation, at which meetings the said defendant was present, and that his vote on the resolution was necessary in order to obtain the passage of the resolution.
The defendant answered denying some of the allegations in the complaint, and in substance denying that the vote of defendant was requisite in order to procure the passage of the resolutions above mentioned. The defendant further alleged that he was president and acted as president of the plaintiff from the 7th day of May 1883, until the 6th day of February, 1884, and as such president rendered valuable services for the plaintiff, which services were of the value of not less than $500 per month. The defendant as a counter-claim alleged the making and delivery of the notes above referred to, in consideration of the services rendered by the defendant as president, as aforesaid, and demanded judgment for the amount that was due on the said notes with interest.
The only evidence offered by the plaintiff on the trial of this action was the judgment roll in the action in the territory of Idaho. The defendant objected to the *97 admission of the judgment roll on the ground that it was inadmissible and incompetent. This objection was overruled, and to this ruling the defendant excepted.
The defendant was called as a witness in his own behalf, and offered to prove certain facts. This offer was overruled. The evidence was excluded, and the defendant duly excepted.
The theory on which the trial judge acted was that the judgment rendered in Idaho was an adjudication as between the parties, that the resolutions under which the defendant was paid the sum of |1,500, and under which the notes were given to the defendant for his services, were illegal and void. We are of the opinion that in this he did not err.
One of the matters which was litigated in the controversy in Idaho was that the resolutions Anting Mr. Andrews a monthly salary as president of the corporation, were null and void. If those resolutions. Avere null and void, then the defendant Avas not entitled to his salary • for a contract made betAveen a corporation and one of its directors to the pecuniary advantage of that director, if made at a meeting of the board of' directors when he is present and takes part in the pro-, ceedings, is void. Butts v. Woods, 37 N. Y., 317; Kelsey v. Sargent, 40 Hun, 150.
It is well settled in this state that a judgment or adjudication is final and conclusive not only as to the matters actually determined, but as to eA7ery other matter Avhich the parties might have litigated and have had decided, as incidental to, or essentially connected A\dth the subject matter coming within the legitimate puiwieAv of the original action, both in respect to matters of claim and of defence. All that is necessary to render a judgment effectual as a bar to another action, is that the causes of action are substantially the same. Tavo causes of action are substantially the same, although one action differs from the other in form, if they are sustained by the same evidence. March v. Masterton, 101 N. Y, 407,
*98 One of the matters of claim in the action in Idaho was that the resolutions voting the defendant in this action, the plaintiff in that action, a salary, were authorized and legal. This claim was decided against the plaintiff in that action,—and this we consider an adjudication which controls the court here.
This view renders it unnecessary to consider the exceptions which were taken by the defendant in this action to the decision of the court in overruling his offers of testimony.
The defendant’s exceptions are overruled and judgment is ordered for the plaintiff, with costs and disbursements.
Sedgwick, Ch. J., concurred.